327 P.2d 1011

STATE TAX COMMISSION, a body politic and Warren Peterson, Thad M. Moore and William E. Stanford, as and constituting said Arizona State Tax Commission, Appellants,

v.

AL STOVALL MANGANESE, Monarch Mine; Globe Manganese; Stovall Manganese, Curry Mine; Stovall Manganese, Lake Mine; Stovall Mines, Maggie Mine; Stovall Manganese, Love Mine; Stovall Manganese, Lake Mine #2; Stovall Manganese, Price & Priceless Mine; Stovall Manganese, Applington Mine; Stovall Manganese, Bosley Mine; Doyle Mines; Stovall Manganese, Bosley Mine (at Seligman); Stovall Manganese, Crescent Mine, Appellees.

No. 6550.

Supreme Court of Arizona.

July 15, 1958.

Robert Morrison, Atty. Gen., and Bernard T. Caine, Asst. Atty. Gen., for appellants.

Rawlins, Davis, Christy, Kleinman & Burrus, and Chester J. Peterson, Phoenix, for appellees.

JOHNSON, Justice.

The sole question presented is whether or not sales of ore made to the United States government may be taxed by the State of Arizona, in view of the provisions of § 73–1308, A.C.A.1939, which was in effect until July 9, 1954. This section reads as follows:

"The taxes herein levied shall not be construed to apply to transactions in interstate commerce which, under the Constitution of the United States, the state of Arizona is prohibited from taxing *or upon any sales made to the United States government, its depart-*

*ments or agencies,* nor to businesses or transactions exempted from taxation under the Constitution of the United States or the constitution of the state of Arizona." (Emphasis supplied.)

The action was brought to recover $19,-413.87 in taxes paid under protest. The case was submitted to the trial court on an agreed statement of facts, the pertinent portion thereof was as follows:

"All of the manganese ore mined during all times material hereto was mined in the State of Arizona, and was sold by the plaintiffs to the United States government, through its agency, General Services Administration, and such sales were all completed on or before July 9, 1954."

The trial court entered judgment in favor of appellees, plaintiffs below, and appellants, State Tax Commission, et al., perfected this appeal.

Appellants contend the statute exempting sales made to the United States government is not applicable for the identity of the purchaser is immaterial as the tax is based on the activity, and not on the sale, and is to be applied in accordance with § 73-1303(c) par. 9, A.C.A.1939, A.R.S. § 42-1311, the pertinent part thereof reads:

"* * * the rate shall be applied to the value of the entire product * * mined * * * regardless of the place of sale or the fact that deliveries may be made to points outside this state; * * *."

We find no merit in this argument as this court considered the identity of the purchase in the exemption statute in Luke v. East Vulture Mining Co., 47 Ariz. 220, 54 P.2d 1002, 1003:

"Since we have found that the Legislature never intended to tax sales to the United States government, its departments or agencies, and specifically so announced in section 7, supra, [Laws 1935, c. 77, art. 2, § 7] the judgment of the lower court is affirmed."

We reaffirmed this view in Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 258, 171 A.L.R. 684:

"This statute does not bottom the exemption upon the tax base used for any particular business, nor upon the fact that the tax is alternately described within its very borders as an 'excise', 'sales', 'privilege' tax, nor the fact that it is the businesses and not the sales which the act purports to tax. Instead, the exemption statute says, in effect, that whenever in the course of operation of any of the businesses subject to this tax, a sale of tangible personal property is made to the government, the amount of that sale shall be deducted from the total amount of the business upon which the tax is due.

"The decisions of this court in the case of Luke v. East Vulture Mining Co., 47 Ariz. 220, 54 P.2d 1002, and the more recent case of O'Neil v. Byrne, 65 Ariz. 23, 173 P.2d 633, are in complete harmony with these views and we re-affirm the principles therein announced."

We reaffirm our view that the legislature never intended to tax sales to the United States government, its departments or agencies as specifically and clearly stated in § 73–1308, supra.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.